[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on November 21, 1966 at Arlington, Virginia. They have resided continuously in this State since 1966. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down.
Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 of the Connecticut General Statutes, in reaching the decisions reflected in the orders that follows.
This is a marriage of 30 years. The three children of this marriage are all over the age of 18 years. Both parties are in reasonably good health. The plaintiff is 53 years of age and the defendant is 52 years of age. The parties are guardians of their grandson, aged 8, who lives with the plaintiff. Both parties have minimum education.. The plaintiff worked throughout the marriage. She is presently gainfully employed and earns approximately $325. net per week.
The defendant is a self employed Painting Contractor. His 1995 Income Tax Return shows net Business income of $26,264. His gross sales totaled $84,614. The defendants gross business income in 1993 and 1994 was approximately $60,000. CT Page 3531
The plaintiff instituted a dissolution action in 1991 as a result of the defendant's philandering with another woman. The parties subsequently reconciled. However, in 1994, the parties separated again and the present action was instituted. The defendant is presently living with another woman.
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the breakdown must be attributed to the defendant.
Both parties worked throughout the marriage and pooled their funds to purchase the marital home located at Old Good Hill, Oxford, Connecticut.
In 1991, when the plaintiff instituted the first divorce, the defendant transferred his interest in the marital home to the plaintiff. The home has a value of approximately $180,000. subject to a mortgage of $24,000. with an equity of approximately $156,000.
The defendant has no pension plan nor savings account.
The following orders shall enter:
Alimony
1. The defendant shall pay to the plaintiff as periodic alimony the sum of $175. per week until such time as the plaintiff reaches the age of 65 or collects social security whichever event shall first occur at which time said alimony shall terminate. Said alimony shall sooner terminate upon the death of the plaintiff, the death of the defendant, or the remarriage or cohabitation by the plaintiff.
2. Said periodic payment of alimony shall commence within one week of date.
Real Estate
The plaintiff shall be entitled to the exclusive possession of the marital home located at 51 Old Good Hill Road, Oxford, Connecticut. She shall be solely responsible for the payment of the mortgage, taxes, insurance, usual carrying charges, maintenance and repairs and she shall indemnify and hold the CT Page 3532 defendant harmless therefrom.
2. Twelve years from date, the real estate shall be placed on the market and shall be sold forthwith. After the payment of the mortgage, real estate commission, attorney's fees and usual closing costs, the net proceeds shall be divided two-thirds to the plaintiff and one-third to the defendant.
Other property
1. The defendant shall Quit claim his interest in the North Carolina property to the plaintiff, forthwith.
2. The plaintiff shall be entitled to her 401(K) Plan.
3. The defendant shall transfer his interest in the Nuveen Mutual Fund to the plaintiff.
4. The plaintiff shall retain the 1995 Saturn Motor Vehicle presently in her name and shall hold the defendant harmless from any liability relating to said motor vehicle.
5. The defendant shall be entitled to the M.G. Motor Vehicle, the 1989 Dodge, as well as all of his business equipment.
Personal Property
1. The defendant is entitled to his personal property, his clothing, the gold and silver coins and all his personal documents and papers. He shall be entitled to remove these items from the marital home within 30 days of date.
2. The plaintiff is entitled to the remaining assets as indicated on her Financial Affidavit.
3. The defendant is entitled to the remaining assets as indicated on his financial affidavit, including his business account and his Life Insurance policy and his business equipment.
COPPETO, J. CT Page 3533